IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| REVERSE MORTGAGE SOLUTIONS, INC., | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 18-1265 |
| | : | |
| ALVIANETTE GIBSON KENNEDY, | : | |
| Known Heir of Lillian R. Gibson, | : | |
| | : | |
| JOCELYN GIBSON, | : | |
| Known Heir of Lillian R. Gibson, | : | |
| | : | |
| CHARLES GIBSON, | : | |
| Known Heir of Lillian R. Gibson, | : | |
| | : | |
| KEVIN GIBSON, | : | |
| Known Heir of Lillian R. Gibson, | : | |
| | : | |
| DAVID GIBSON, | : | |
| Known Heir of Lillian R. Gibson, and | : | |
| | : | |
| UNKNOWN HEIRS, SUCCESSORS, | : | |
| ASSIGNS AND ALL PERSONS, FIRMS OR | : | |
| ASSOCIATIONS CLAIMING RIGHT, | : | |
| TITLE OR INTEREST FROM OR UNDER | : | |
| LILLIAN R. GIBSON, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                 **MAY 4, 2018**

Plaintiff Reverse Mortgage Solutions ("Reverse Mortgage Solutions") filed a mortgage foreclosure action against Defendants in the Pennsylvania Court of Common Pleas of Montgomery County. After the Defendants served a subpoena on Michael G. Gonzales ("Gonzales"), an employee of the United States Postal Service ("the Postal Service") and

Postmaster of the Willow Grove, Pennsylvania Post Office, that purported to compel his appearance and testify at a state court hearing, the United States of America (the "Government") removed the action to this Court pursuant to 28 U.S.C. § 1442(a).

Presently before the Court is the Government's Motion to Quash and Remand, Plaintiff's Motion to Remand and Objection to Removal, and the Government's Memorandum in Opposition to Plaintiff's Objection to Removal and Response to Plaintiff's Motion to Remand. Defendants have not filed any briefs in response to the Government or Plaintiff's Motions. For the reasons noted below, the Government's Motion to Quash and Remand is granted, and Plaintiff's Motion to Remand and Objection to Removal is granted in part and denied in part.

## I. BACKGROUND

Reverse Mortgage Solutions filed a state court action in mortgage foreclosure against Defendants in the Court of Common Pleas of Montgomery County. (Pl.'s Mot. Remand ¶ 4.) The Government is not a party to the action. Subsequent to Defendants' responsive pleading, Reverse Mortgage Solutions filed a motion for summary judgment, which the state court granted on August 17, 2017. (*Id.* ¶ 5.) Reverse Mortgage Solutions then filed a Writ of Execution, resulting in a sheriff sale scheduled for January 31, 2018. (*Id.* ¶ 6.) On November 1, 2017, Defendant Jocelyn Gibson ("Defendant Gibson") filed a "Petition for Leave to File Appeal Nunc Pro Tunc, Vacate Judgement, and Stay Execution" (the "Petition"). (*Id.* ¶ 7.) The sheriff sale was postponed until Defendant Gibson's Petition was resolved. (*Id.*)

The state court's order granting summary judgment to Reverse Mortgage Solutions stated that Defendants failed to respond to the motion for summary judgment and thus failed to make a legal defense to Reverse Mortgage Solutions' claim. (Doc. No. 4-50.) In her Petition, Defendant Gibson contended that she could not file a response to the motion for summary judgment

because she never received a copy of it.  (Doc. No. 4-57 ¶ 8.)  She stated she has had difficulty receiving mail at the subject property and has made several complaints to the Postal Service about it.  (*Id.* ¶ 15.)  As "objective evidence" that she has made complaints in the past concerning lost mail, Defendant Gibson attached an October 31, 2017 letter from Gonzales that responded to her allegations of lost mail, explained that there was no reliable way of determining what happened and the impossibility of tracing a single piece of First-Class Mail, and apologized for any inconvenience that was caused.  (Gov't's Mem. Support Mot. Quash & Remand, Ex. 2 (Gonzales Letter).)

The state court scheduled a hearing on the Petition for March 6, 2018.  (Doc. No. 4-69.)  At some time prior to that date, Defendants' counsel served a state court subpoena on Gonzales to attend and testify at the March 6, 2018 hearing.  (Gov't's Mem. Support Mot. Quash & Remand, Ex. 1 (Subpoena).)  Citing to regulations issued pursuant to *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), the Postal Service declined to authorize Gonzales' attendance at the hearing by letter dated February 15, 2018.  (*Id.*, Ex. 3.)  On February 22, 2018, Defendants filed a motion to compel Gonzales' compliance with the subpoena and a rule to show cause, which were served on the Postal Service on March 6, 2018.[1]  (Doc. No. 4-76 (Civil Cover Sheet of Mot. to Compel & Rule to Show Cause); Doc. No. 4-78 (Certificate of Service).)

The Government removed the action on March 27, 2018 pursuant to 28 U.S.C. § 1442(a).  (*See* Not. of Removal ¶ 5.)  On April 3, 2018, it filed a Motion to Quash and Remand.  On April 12, 2018, Reverse Mortgage Solutions filed a Motion to Remand and Objection to Removal.  Notably, Reverse Mortgage Solutions does not oppose quashing the subpoena served on Gonzales.  (Pl.'s Mot. Remand ¶ 23.)  Thus, Reverse Mortgage Solutions objects only to the Government's removal procedure; the Government's Motion as to quashing the subpoena is

---

[1] It appears the state court rescheduled the hearing on the Petition for April 20, 2018.  (*See* Doc. No. 4-79.)

uncontested. Moreover, both the Government and Reverse Mortgage Solutions seek remand to the Court of Common Pleas of Montgomery County. For the reasons that follow, the Court quashes the subpoena served on Gonzales and remands this matter back to state court.

## II. DISCUSSION

### A. Reverse Mortgage Solutions' Motion to Remand and Objection to Removal

Prior to addressing the Government's Motion to Quash the subpoenas, we begin first with the threshold issue of whether the Government properly removed this matter to federal court.[2] Reverse Mortgage Solutions asserts that remand is required because (1) the Government's notice of removal was untimely; and (2) the action in foreclosure is not a "pending" action under 28 U.S.C. § 1442(a). (Pl.'s Mot. Remand ¶ 10.) We disagree.

The Government removed this action pursuant to 28 U.S.C. § 1442(a). A civil action under § 1442(a) is removable "if the person or entity desiring to remove the proceeding files the notice of removal not later than 30 days after receiving, through service, notice of any such proceeding." 28 U.S.C. § 1446(g). Reverse Mortgage Solutions argues that removal in this case was untimely because the Government was served with the subpoena in December 2017, but it did not file its Notice of Removal until March 27, 2018. (Pl.'s Mot. Remand ¶¶ 15-17.) According to Reverse Mortgage Solutions, removal was therefore untimely because more than thirty days elapsed from the time the subpoena was served until the time of removal.

---

[2] The Court sympathizes with the Government on the point of removal procedure. As indicated above, the Government and Reverse Mortgage Solutions each seek remand to state court. In addition, the Government moves to quash the subpoena served on Gonzales, and Reverse Mortgage Solutions does not oppose such an action. Thus, the Government and Reverse Mortgage Solutions are not truly adverse in this proceeding. Because of this alignment of interests, the Government asserts that the timeliness issue is merely "academic." (Gov't's Mem. Opp'n Pl.'s Obj. to Removal & Resp. to Pl.'s Mot. Remand at 1.) However, the statutory time limit for removal petitions "is mandatory and a timely objection to a late petition will defeat removal . . . ." *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980) (citations omitted). Accordingly, the Court must undertake a removal timeliness analysis because of Reverse Mortgage Solutions' objection.

The Government, on the other hand, argues that removal was triggered when Defendants filed their motion to compel compliance with the subpoena and the rule to show cause.  (Gov't's Mem. Opp'n Pl.'s Obj. to Removal & Resp. to Pl.'s Mot. Remand at 1-2.)  Indeed, the United States Courts of Appeals for the Seventh and Ninth Circuits have each held that contempt proceedings or actions in which the federal official must defend his refusal to attend a proceeding, such as a show cause hearing, are removable.  *See Swett v. Schenk*, 792 F.2d 1447, 1450 (9th Cir. 1986) (citing *State of Wis. v. Schaffer*, 565 F.2d 961, 964 (7th Cir. 1977)) (stating that a contempt action against a federal official for refusing to comply with a state court order "is a distinct action which may be removed"); *Schaffer*, 565 F.2d at 964 (holding that an order to show cause commenced "a sufficient separate action" based on an official duty to comply with a state order); *see also FBI v. Superior Ct. of Cal.*, 507 F. Supp. 2d 1082, 1089 (N.D. Cal. 2007) (stating an action that "involves federal employees 'threatened with the state's coercive power' while acting within the scope of their duties" is properly in federal court).

In this case, Defendants served on the Government their motion to compel compliance with the subpoena and a rule to show cause on March 6, 2018.  (Doc. No. 4-76 (Civil Cover Sheet of Mot. to Compel & Rule to Show Cause); Doc. No. 4-78 (Certificate of Service).)  The rule to show cause specifically required the Government to produce a written response to the motion to compel compliance with the subpoena by April 2, 2018.  (Doc. No. 4-76.)  Therefore, the March 6, 2018 service of the motion to compel and rule to show cause was the first notice of Gonzales being subjected to compulsion and potential contempt proceedings.  *See* § 1446(g) (stating that the thirty-day period for removal begins when the person or entity desiring removal receives notice of such a proceeding through service).  The Government filed its Notice of

Removal on March 27, 2018, which was well within the thirty-day time limit in § 1446(g). Accordingly, we conclude that the Government's Notice of Removal was timely.

Reverse Mortgage Solutions next claims that remand is mandatory because there was no "pending" action that was removable. Section 1442(a), which governs the removal of civil actions or criminal prosecutions against federal officers or agencies, allows for removal of "pending" actions. *See* § 1442(a). Specifically, Reverse Mortgage Solutions argues that there is no pending action because the state court entered judgment in its favor following the grant of summary judgment. (Pl.'s Mot. Remand ¶¶ 18-19.) Although the Government fails to respond to Reverse Mortgage Solutions' argument, we nevertheless disagree and conclude that the foreclosure action was still pending.

Reverse Mortgage Solutions' argument requires a very brief discussion. First, even though the state court entered judgment in favor of Reverse Mortgage Solutions following the grant of summary judgment, the Defendants were still actively litigating the case in the form of a "Petition for Leave to File Appeal Nunc Pro Tunc, Vacate Judgement, and Stay Execution." In fact, *the state court itself* scheduled a hearing on the Petition and apparently was going to hear testimony on the issue. The subpoena served on Gonzales and the subsequent motion to compel and rule to show cause, which are the very reasons the matter is currently before the Court, were intended so that Gonzales could testify in state court. It remains to be seen how the matter could no longer be "pending" when the parties were actively litigating the case and the state court was scheduling hearings.

Second, Black's Law Dictionary strengthens the Court's conclusion on this issue. There, the word "pending" is defined as "[r]emaining undecided; awaiting decision." *Pending*, Black's Law Dictionary (10th ed. 2014). The issue of whether to grant the Petition, which is precisely

the reason for which Defendants sought Gonzales' attendance and testimony, certainly remained undecided at the time the Government removed the action. In other words, the subpoena and motion to compel and rule to show cause are directly connected to the state court's hearing on the Petition. Therefore, Reverse Mortgage Solutions' Motion to Remand and Objection to Removal is denied as to its objection to removal. However, as discussed above, because both the Government and Reverse Mortgage Solutions seek remand to state court, Reverse Mortgage Solutions' Motion is granted as to remand.

B.     **The Government's Motion to Quash and Remand**

We next address the issue of whether the subpoena served on Gonzales should be quashed.[3] The Postal Service declined to authorize Gonzales' testimony at the hearing pursuant to regulations that govern the appearance of Postal Service employees as witnesses when the United States, Postal Service, or any other federal agency is not a party. *See* 39 C.F.R. § 265.13. Congress allowed federal agencies to establish these types of regulations pursuant to 5 U.S.C. § 301. *See* 5 U.S.C. § 301 ("The head of an Executive department . . . may prescribe regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property."); *see also Truex v. Allstate Ins. Co.*, 233 F.R.D. 188, 190 (D.D.C. 2006), *report and recommendation adopted*, No. 05-439, 2006 WL 241228 (D.D.C. Jan. 26, 2006) (citations omitted). In *Touhy*, the Supreme Court of the United States held that these regulations are constitutional, *see Touhy*, 340 U.S. at 468, and "specifically recognized the authority of agency heads to restrict testimony of their subordinates," *Boron Oil Co. v. Downie*, 873 F.2d 67, 69 (4th

---

[3] As we noted above, this action was removed on March 27, 2018, and the Government filed its Motion to Quash and Remand on April 3, 2018. Defendants have failed to respond timely to the Government's Motion. Pursuant to Local Rule of Civil Procedure 7.1(c), we may grant the Government's Motion as uncontested. *See* Local R. Civ. P. 7.1(c) ("In the absence of [a] timely response, [a] motion may be granted as uncontested except as provided under Fed. R. Civ. P. 56."). However, we will analyze the Government's position for the sake of completeness.

Cir. 1989). Thus, "[r]egulations promulgated under 5 U.S.C. § 301 are commonly known as *Touhy* regulations." *Truex*, 233 F.R.D. at 190.

It is well-settled that when the United States or a federal agency is not a party to an action, "a federal employee may not be compelled to obey a subpoena contrary to the agency's instructions under valid agency regulations." *Davis Enters. v. U.S. EPA*, 877 F.2d 1181, 1186 (3d Cir. 1989) (citing *Swett*, 792 F.2d at 1447; *Giza v. Dep't of Health Educ. & Welfare*, 628 F.2d 748 (1st Cir. 1980)); *see also Edwards v. U.S. Dep't of Justice*, 43 F.3d 312, 316-17 (7th Cir. 1994); *Boron Oil*, 873 F.2d at 69; *Armstrong v. Arcanum Grp., Inc.*, 250 F. Supp. 3d 802, 804-05 (D. Col. 2017); *FBI*, 507 F. Supp. 2d at 1092-93. Indeed, "[u]nder *Touhy*, neither state-court nor federal-court litigants may obtain a subpoena *ad testificandum* against an employee of a federal agency that has enacted a *Touhy* regulation." *Hous. Bus. Journal, Inc. v. Office of Comptroller of Currency, U.S. Dep't of Treasury*, 86 F.3d 1208, 1212 (D.C. Cir. 1996).

In addition, courts have held that "cases involving § 1442(a) removals of state subpoena proceedings against unwilling federal officers have held that sovereign immunity bars the enforcement of the subpoena." *Edwards*, 43 F.3d at 317 (citation omitted) (footnote omitted). Those courts "have quashed the state court subpoenas . . . on the grounds that the court lacked the jurisdiction to enforce a subpoena against an unwilling sovereign." *Id.* (citing *Swett*, 792 F.2d at 1451-52); *see also In re Elko Cnty. Grand Jury*, 109 F.3d 554 (9th Cir. 1997); *Edwards*, 43 F.3d at 317; *Boron Oil*, 873 F.2d at 70; *FBI*, 507 F. Supp. 2d at 1094; *Pleasant Gardens Realty Corp. v. H. Kohnstamm & Co.*, No. 08-5582, 2009 WL 2982632, at *6-7 (D.N.J. Sept. 10, 2009); *Envtl. Enters., Inc. v. U.S. EPA*, 664 F. Supp. 585, 586 (D.D.C. 1987). A waiver of sovereign immunity must be "unequivocally expressed." *See Edwards*, 43 F.3d at 317 (citing *United States v. Mitchell*, 445 U.S. 535, 538 (1980)).

In this case, the Postal Service declined to authorize Gonzales' appearance at the hearing pursuant to its valid *Touhy* regulations. Moreover, the state court lacked jurisdiction to subpoena Gonzales in the absence of a waiver of sovereign immunity. The Government has not waived sovereign immunity. Given the weight of the authority cited above, the Court must quash the subpoena served on Gonzales. Accordingly, the Government's Motion to Quash and Remand is granted.

### III. CONCLUSION

The motion to compel compliance with the subpoena and rule to show cause were served on the Postal Service on March 6, 2018. The Government removed the action on March 27, 2018, which was within the thirty-day time limit under 28 U.S.C. § 1446(g). Therefore, the Government's removal was timely, and Reverse Mortgage Solutions' Motion for Remand and Objection to Removal is denied on that basis, but is granted as to remand.[4]

As to the subpoena served on Gonzales, a federal employee, we find that the Postal Service's *Touhy* regulation precludes the issuance of it. We further find that the state court lacked jurisdiction to issue the subpoena under the doctrine of sovereign immunity. Therefore, the subpoena served on Gonzales is quashed. Accordingly, the Government's Motion to Quash and Remand is granted.

An appropriate Order follows.

---

[4] Neither party provides any argument regarding remand. However, given that we are quashing the subpoena served on Gonzales, which necessarily eliminates the subsequent compulsion proceedings, there is no longer a civil action under 28 U.S.C. § 1442 (pertaining to federal officers or agencies).